

1   DANIEL S. MILLER (State Bar No. 218214)
    dmiller@millerbarondess.com
2   CALEB E. MASON (State Bar No. 246653)
    cmason@millerbarondess.com
3   MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
4   Los Angeles, California 90067
    Telephone:   (310) 552-4400
5   Facsimile:   (310) 552-8400

6   Attorneys for Plaintiff
    Tara McMahon
7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11  TARA MCMAHON, an individual,        CASE NO. CV14-2085 CAS-AGR x

12                                      COMPLAINT FOR:
            Plaintiff,
13                                      1)   ASSAULT;

14  v.                                  2)   SEXUAL BATTERY;

15  LUIS VALENZUELA, an individual;     3)   INTENTIONAL INFLICTION
    JAMES NICHOLS, an individual; THE        OF EMOTIONAL DISTRESS;
16  CITY OF LOS ANGELES, a municipality.
                                        4)   AIDING AND ABETTING
17                                           (ASSAULT);

18          Defendants.                 5)   AIDING AND ABETTING
                                             (SEXUAL BATTERY);
19
                                        6)   POLICE NEGLIGENCE;
20
                                        7)   FALSE IMPRISONMENT;
21
                                        8)   DEPRIVATION OF CIVIL
22                                           RIGHTS UNDER 42 U.S.C.
                                             § 1983 (FOURTH
23                                           AMENDMENT);

24                                      9)   DEPRIVATION OF CIVIL
                                             RIGHTS UNDER 42 U.S.C.
25                                           § 1983 (FOURTEENTH
                                             AMENDMENT);
26
                                        10)  VIOLATION OF CALIFORNIA
27                                           CIVIL CODE § 52.1

28                                      **DEMAND FOR JURY TRIAL**

COPY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Plaintiff Tara McMahon ("McMahon") alleges in her Complaint against Luis Valenzuela ("Valenzuela"), James Nichols ("Nichols") and the City of Los Angeles ("City")[1] as follows:

## **INTRODUCTION**

1.      In late 2009, Los Angeles Police Department ("LAPD") officer Luis Valenzuela, aided and abetted by his partner James Nichols, sexually assaulted Tara McMahon.  McMahon was twenty years old.  The assault occurred in the officers' police-issued vehicle, while they were on duty.

2.      Valenzuela and Nichols threatened McMahon and told her to keep quiet. She was terrified of them; they worked her neighborhood and knew her.

3.      McMahon finally worked up the courage to report them—but then she was stonewalled and strung along for nearly three years by an LAPD Internal Affairs detective who mixed false promises that the officers would be brought to justice with a repeated command: don't talk to a lawyer.

4.      Internal Affairs did nothing.  The officers remained on the job and sexually assaulted at least three more women the way they assaulted McMahon.

5.      To this day, despite reports confirming that Valenzuela and Nichols assaulted at least four women, neither officer has been fired or indicted.

6.      McMahon was young, vulnerable and alone.  She depended on the police to protect her.  Instead, they assaulted her in the back of their police car.

7.      And she depended on Internal Affairs to pursue her case and seek justice. Instead, they were only interested in keeping her quiet and burying the case.

8.      Luis Valenzuela and James Nichols must be held accountable for what they did to Tara McMahon.

---

[1] Collectively, "Defendants."

## PARTIES, JURISDICTION AND VENUE

9.   At the time of the incidents alleged herein, McMahon resided in Los Angeles, California.

10.   Defendants Valenzuela and Nichols are officers in the LAPD, which has its place of business in Los Angeles, California, within the Central District.  On information and belief, Defendants Valenzuela and Nichols both live within the Central District.  Defendants Valenzuela and Nichols are sued both in their personal and in their official capacities.

11.   Defendant City of Los Angeles is a municipal corporation duly organized and existing under the laws of the State of California.   The LAPD is an agency of Defendant City, and all actions of the LAPD and its officers are the legal responsibility of Defendant City.  Defendant City is sued on state law claims on the basis of *respondent superior*, pursuant to California Government Code § 815.2.

12.   This is a civil suit brought under the Civil Rights Act, 42 U.S.C. section 1983, for violations of McMahon's rights under the United States Constitution.  This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. section 1343, 28 U.S.C. section 1331 and 28 U.S.C. section 1367; and under principles of pendent jurisdiction.

13.   This suit seeks the imposition of compensatory and punitive damages against all Defendants as permitted by law.

14.   Venue is proper in this Court because the events giving rise to each of these causes of action occurred in Los Angeles, California, within the Central District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.   Pursuant to Section 910 of the California Government Code, McMahon has filed a claim against the City of Los Angeles; her claim was denied.

## FACTS

16.   McMahon moved to Los Angeles in the spring of 2009, shortly before her twentieth birthday.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

17.     Luis Valenzuela and James Nichols were LAPD officers assigned to the Hollywood division. They were partners and worked the neighborhood where McMahon was living.

18.     Valenzuela and Nichols first encountered McMahon in September 2009, after McMahon had been arrested, and they transported her in their vehicle from the police station to another location. They made inappropriate comments to her on the ride and subsequently began seeking her out in the neighborhood.

19.     They bought her food and alcohol and began calling her on the phone. Their contact became threatening: on one occasion, Valenzuela pulled his gun and put it to her head. McMahon was afraid of the officers.

20.     In late 2009, McMahon was walking her dog near her apartment. A Volkswagen Jetta pulled up next to her with Valenzuela at the wheel and Nichols in the passenger seat. The Jetta was owned by the LAPD and assigned to Nichols and Valenzuela for plainclothes work.

21.     Nichols and Valenzuela ordered McMahon to get in the car. McMahon obeyed.

22.     Valenzuela drove. Nichols sat in the front seat. The car stopped in a secluded location with no pedestrians visible. Nichols reached back and took McMahon's dog, while Valenzuela got out and entered the back seat with McMahon.

23.     Nichols kept a lookout in the front seat while Valenzuela, using force and threats, sexually assaulted McMahon in the back seat. Valenzuela then threatened her and said she would be in danger if she told anyone.

24.     McMahon was terrified. She believed that the officers would find her and assault her again, send her to jail, or harm her. So she did not tell anyone. Over the next year, the officers stopped her and told her to stay quiet about the assault.

25.     They told her what they would do to her if she reported them: "You don't want to go to jail, do you?" On another occasion, Valenzuela told her not to report him because he had a family.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

26.   They told her that if she stayed quiet, they would get her a marijuana card. They told her that they would buy her a ticket to Las Vegas if she would promise to go there and never come back.

27.   Another time, Valenzuela asked her to go to a motel room with him and smoke methamphetamine. He told her that he would get the room and bring the meth, and that he wanted to "watch her" smoke it. McMahon refused.

28.   McMahon was afraid of Valenzuela and Nichols. They had threatened her and told her not to tell anyone, and she knew that they could find her. She was terrified that they would come after her if she said anything.

29.   On January 20, 2011, McMahon was arrested and brought to the Hollywood station. She knew that Valenzuela and Nichols worked there and was terrified that they would see her and assault her again.

30.   Fearful of Valenzuela and Nichols and what they would do to her, for her own protection she told a sergeant what had happened. The sergeant called detectives, and McMahon told her story to the detectives.

31.   McMahon hoped that Valenzuela and Nichols would be brought to justice. But over the next two years, the LAPD took no action against Valenzuela and Nichols, while telling McMahon not to tell anyone and not to hire a lawyer.

32.   McMahon's complaint was assigned to an LAPD Internal Affairs detective. In her first meeting with McMahon, the detective told McMahon not to hire a lawyer and to trust the LAPD instead.

33.   The detective said to McMahon: "Lawyers won't look out for your interests." The detective repeated the instruction not to hire a lawyer on multiple occasions over the next two years.

34.   McMahon has since learned that she was one of at least four victims of Valenzuela's and Nichols' sexual assaults over a period of several years.

35.   The LAPD took no action against Valenzuela and Nichols between January 2011 and January 2013. During that time, the Internal Affairs detective met

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

1  regularly with McMahon and told her to be patient, keep quiet and not hire a lawyer.

2  The detective told McMahon that the LAPD would take care of the matter.

3  36.   McMahon reasonably relied on the detective's statements and stayed

4  quiet.  The detective told McMahon that she could get crime victims' financial

5  assistance if she kept quiet.

6  37.   On January 3, 2013, the *LA Times* reported that LAPD detectives had

7  searched Nichols' and Valenzuela's homes and computers for evidence of sexual

8  assaults and that Nichols and Valenzuela had been suspended.

9  38.   No further action was taken against Valenzuela and Nichols.  Through

10  the summer of 2013, the Internal Affairs detective continued to tell McMahon not to

11  speak to a lawyer.

12  39.   In late summer 2013, McMahon read that a lawsuit had been filed

13  alleging that Nichols and Valenzuela had sexually assaulted another woman; and that

14  another lawsuit had been filed alleging that Nichols had beaten a man.

15  40.   McMahon then realized that the City had been trying to keep her quiet

16  and avoid being sued.  She retained counsel in September 2013.

17  41.   The City strung McMahon along to keep her quiet and avoid getting

18  sued.

19  42.   McMahon suffered, and continues to suffer, the physical and

20  psychological traumas of the sexual assault and continuing Post-Traumatic Stress

21  Disorder and emotional harms, resulting in medical costs and other economic and

22  non-economic damages.

23  **EQUITABLE ESTOPPEL**

24  43.   McMahon's administrative claim under California Government Code

25  section 910 was filed with the City on January 17, 2014, and rejected on February 24,

26  2014.

27  44.   Defendants are equitably estopped from asserting a statute of limitations

28  defense as to the filing of the section 910 claim or this lawsuit, because McMahon was

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
Tel: (310) 552-4400  Fax: (310) 552-8400

176767.1

1   dissuaded from bringing the claim both by the threats of Defendants Valenzuela and

2   Nichols and by the stonewalling, misrepresentations and directives of Defendant City

3   of Los Angeles through its employee, the aforementioned Internal Affairs detective.

4       45.   McMahon was threatened and told to keep quiet by Valenzuela and

5   Nichols, and then, when she did report the assault, was told by the Internal Affairs

6   detective to keep quiet and not to speak to a lawyer.

7       46.   McMahon was dissuaded from reporting the assault by the threats of

8   Valenzuela and Nichols; she reasonably relied on the statements, conduct and

9   instructions of the Internal Affairs detective in failing to bring suit; and she was

10  dissuaded by the stonewalling of Defendant City, which failed to investigate or

11  discipline Valenzuela and Nichols for years, despite receiving multiple complaints.

12      47.   Specifically, between 2009 and 2012, the LAPD received complaints

13  from at least four women alleging sexual assaults by Valenzuela and/or Nichols that

14  were similar to the assault on McMahon.  As of March 2014, neither Valenzuela nor

15  Nichols has been indicted; indeed, neither has even been fired from the LAPD.

16      48.   Accordingly, the statute of limitations for McMahon's claim is tolled

17  until at least September 2013.

## FIRST CAUSE OF ACTION

### ASSAULT

### (Against DEFENDANTS VALENZUELA

### and CITY OF LOS ANGELES)

22      49.   McMahon refers to and incorporates by reference each foregoing and

23  subsequent paragraph of this Complaint as though fully set forth herein.

24      50.   In performing the above-alleged wrongful and malicious acts, Defendant

25  Valenzuela, aided and abetted by Defendant Nichols, acted with intent to cause

26  harmful or offensive contact and threatened to, and did, touch McMahon in a harmful

27  or offensive manner.

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

51.    McMahon reasonably believed she was about to be touched in a harmful or offensive manner, and it reasonably appeared to McMahon that Defendant Valenzuela was about to carry out the threat.

52.    McMahon did not consent to Defendant Valenzuela's conduct; McMahon was harmed; and Defendant Valenzuela's conduct was a substantial factor in causing McMahon's harm.

53.    In performing the acts alleged herein, Defendant Valenzuela was acting within the course and scope of his employment as an officer of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.  Defendant City of Los Angeles is liable for his actions under California Government Code section 815.2.

54.    As an actual and proximate cause of the wrongful and malicious acts of Defendant Valenzuela, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendant Valenzuela.

## SECOND CAUSE OF ACTION

### SEXUAL BATTERY

### (Against DEFENDANTS VALENZUELA
### and CITY OF LOS ANGELES)

55.    McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

56.    Defendant Valenzuela, aided and abetted by Defendant Nichols, intentionally caused harmful and offensive contact with McMahon.  Defendant Valenzuela, aided and abetted by Defendant Nichols, through force and threats compelled McMahon to touch an intimate part of Defendant Valenzuela, namely, to perform oral sex on him.

57.    McMahon did not consent to the touching, McMahon was harmed and offended by Defendant Valenzuela's conduct, and a reasonable person in McMahon's position would have been offended by the touching.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

176767.1

58.     In committing the acts alleged herein, Defendant Valenzuela was acting within the course and scope of his employment as an officer of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.  Defendant City of Los Angeles is liable for his actions under California Government Code section 815.2.

59.     As an actual and proximate cause of the wrongful and malicious acts of Defendant Valenzuela, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendant Valenzuela.

## THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against DEFENDANTS VALENZUELA
### and CITY OF LOS ANGELES)

60.     McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

61.     In committing the acts alleged herein, Defendant Valenzuela engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, emotional distress to McMahon.

62.     McMahon suffered extreme or severe emotional distress as a result of Defendant Valenzuela's acts as alleged herein.  Defendant Valenzuela's extreme and outrageous conduct was the actual and proximate cause of McMahon's extreme or severe emotional distress.

63.     Defendant Valenzuela's conduct was intentional and was so extreme as to exceed all bounds of decency in a civilized community.

64.     In performing the acts alleged herein, Defendant Valenzuela was acting within the course and scope of his employment as an officer of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.  Defendant City of Los Angeles is liable for his actions under California Government Code section 815.2.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

65.     As an actual and proximate cause of the wrongful and malicious acts of Defendant Valenzuela, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendant Valenzuela.

## FOURTH CAUSE OF ACTION
### AIDING AND ABETTING ASSAULT
### (Against DEFENDANTS NICHOLS
### and CITY OF LOS ANGELES)

66.     McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

67.     In committing the acts alleged herein, Defendant Nichols had actual knowledge of the torts of assault, sexual battery and intentional infliction of emotional distress being committed by his partner, Defendant Valenzuela.

68.     In committing the acts alleged herein, Defendant Nichols knowingly gave substantial assistance to Defendant Valenzuela's commission of the tort of assault on McMahon.

69.     In performing the acts alleged herein, Defendant Nichols was acting within the course and scope of his employment as an officer of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.  Defendant City of Los Angeles is liable for his actions under California Government Code section 815.2.

70.     As an actual and proximate cause of the wrongful and malicious acts of Defendant Nichols, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendant Nichols.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

176767.1

# FIFTH CAUSE OF ACTION

## AIDING AND ABETTING SEXUAL BATTERY

### (Against DEFENDANTS NICHOLS
### and CITY OF LOS ANGELES)

71.    McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

72.    In committing the acts alleged herein, Defendant Nichols had actual knowledge of the torts of assault, sexual battery and intentional infliction of emotional distress being committed by his partner, Defendant Valenzuela.

73.    In committing the acts alleged herein, Defendant Nichols knowingly gave substantial assistance to Defendant Valenzuela's commission of the tort of sexual battery on McMahon.

74.    In performing the acts alleged herein, Defendant Nichols was acting within the course and scope of his employment as an officer of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.  Defendant City of Los Angeles is liable for his actions under California Government Code section 815.2.

75.    As an actual and proximate cause of the wrongful and malicious acts of Defendant Nichols, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendant Nichols.

# SIXTH CAUSE OF ACTION

## POLICE NEGLIGENCE

### (Against DEFENDANTS NICHOLS
### and CITY OF LOS ANGELES)

76.    McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

77.     In committing the acts alleged herein, Defendant Nichols had actual knowledge of the torts of assault, sexual battery and intentional infliction of emotional distress being committed by his partner, Defendant Valenzuela.

78.     At the time of the commission of the above-mentioned acts by Defendant Valenzuela, Defendant Nichols was an on-duty police officer, and McMahon was in his custody.  He owed McMahon a duty of care to protect her from the tortious and criminal acts committed by Defendant Valenzuela.  By failing to protect McMahon, Defendant Nichols violated the duty of care that, as a police officer, he owed to McMahon.

79.     In performing the acts and omissions alleged herein, Defendant Nichols was acting within the course and scope of his employment as an officer of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles. Defendant City of Los Angeles is liable for his actions under California Government Code section 815.2.

80.     As an actual and proximate cause of the wrongful acts of Defendant Nichols, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### FALSE IMPRISONMENT
### (Against DEFENDANTS VALENZUELA,
### NICHOLS and CITY OF LOS ANGELES)

81.     McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

82.     Defendants Valenzuela and Nichols, while working as police officers for the City of Los Angeles, and acting within the course and scope of their duties, seized, detained and held McMahon without a warrant, probable cause, reasonable suspicion or any legal justification.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

83.    While on duty as police officers, Defendants ordered McMahon under color of authority into their police-owned and police-issued vehicle for the purpose of sexually assaulting her; they transported her to a secluded location for the purpose of sexually assaulting her; and Valenzuela then sexually assaulted her as set forth herein, while aided and abetted by Defendant Nichols.

84.    Defendants neither had nor claimed to have any legal basis for detaining, seizing, arresting or transporting McMahon.

85.    In performing the acts alleged herein, Defendants Valenzuela and Nichols were acting within the course and scope of their employment as officers of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.  Defendant City of Los Angeles is liable for their actions under California Government Code section 815.2.

86.    As an actual and proximate cause of the wrongful and malicious acts of Defendants Valenzuela and Nichols, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendants Valenzuela and Nichols.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
## UNDER THE FOURTH AMENDMENT
## (42 U.S.C. § 1983)
## (Against DEFENDANTS VALENZUELA and NICHOLS)

87.    McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

88.    Defendants Valenzuela and Nichols used their official powers and authority to unlawfully seize, detain and sexually assault McMahon.  They committed the acts herein after having used their official authority to unlawfully seize her, transport her in their police vehicle and exercise continuing dominion over her therein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

176767.1

89.     In so doing, they violated her right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.  In committing the acts alleged herein, Defendants unreasonably seized McMahon and unreasonably violated her rights to bodily integrity, thus giving rise to McMahon's claim for damages under 42 U.S.C. section 1983.

90.     In performing the acts alleged herein, Defendants Valenzuela and Nichols were acting under color of law and within the course and scope of their employment as officers of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.

91.     As an actual and proximate cause of the wrongful and malicious acts of Defendants Valenzuela and Nichols, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendants Valenzuela and Nichols.

## NINTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS
### UNDER THE FOURTEENTH AMENDMENT
### (42 U.S.C. § 1983)
### (Against DEFENDANTS VALENZUELA and NICHOLS)

92.     McMahon refers to and incorporates by reference each foregoing and subsequent paragraph of this Complaint as though fully set forth herein.

93.     Defendants Valenzuela and Nichols used their official powers and authority to unlawfully seize, detain and sexually assault McMahon.  They committed the acts herein after having used their official authority to unlawfully seize her, transport her in their police vehicle and exercise continuing dominion over her therein.

94.     The sexual assault of a vulnerable young woman, accomplished by force and threat of arrest and imprisonment, committed by an on-duty police officer, aided and abetted by his partner, in a police-issued vehicle, is egregious and outrageous and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

176767.1

1  shocks the conscience; and it thereby violates McMahon's right to due process under

2  the Fourteenth Amendment to the United States Constitution, thus giving rise to

3  McMahon's claim for damages under 42 U.S.C. section 1983.

4     95.   In performing the acts alleged herein, Defendants Valenzuela and

5  Nichols were acting under color of law and within the course and scope of their

6  employment as officers of the Los Angeles Police Department, which is an agency of

7  Defendant City of Los Angeles.

8     96.   As an actual and proximate cause of the wrongful and malicious acts of

9  Defendants Valenzuela and Nichols, McMahon suffered physical, emotional,

10  psychological and economic harms in an amount to be proven at trial.  McMahon is

11  also entitled to punitive damages, based on the oppression and malice of Defendants

12  Valenzuela and Nichols.

### TENTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS
### UNDER CALIFORNIA CIVIL CODE SECTION 52.1
### (Against DEFENDANTS VALENZUELA and NICHOLS)

17     97.   McMahon refers to and incorporates by reference each foregoing and

18  subsequent paragraph of this Complaint as though fully set forth herein.

19     98.   The United States Constitution and the California Constitution give

20  McMahon the right to be free from unreasonable seizures; to be free from

21  unreasonable invasions of bodily integrity; and to be free from egregious and

22  outrageous actions that shock the conscience.  Defendants Valenzuela and Nichols,

23  two on-duty police officers, violated all these rights, while acting under color of state

24  law.

25     99.   Defendants Valenzuela and Nichols attempted to and did interfere with

26  those rights by threats, intimidation and coercion, thus giving rise to McMahon's

27  claim for damages under California Civil Code section 52.1.

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

100.   In performing the acts alleged herein, Defendants Valenzuela and Nichols were acting under color of law and within the course and scope of their employment as officers of the Los Angeles Police Department, which is an agency of Defendant City of Los Angeles.

101.   As an actual and proximate cause of the wrongful and malicious acts of Defendants Valenzuela and Nichols, McMahon suffered physical, emotional, psychological and economic harms in an amount to be proven at trial.  McMahon is also entitled to punitive damages, based on the oppression and malice of Defendants Valenzuela and Nichols.

## PRAYER FOR RELIEF

**WHEREFORE**, McMahon prays for judgment, as follows:

1.     For damages in excess of $1 million, including general damages, special damages, punitive damages (based on oppression and malice) and economic damages, in accordance with proof at trial;

2.     For attorneys' fees, costs and interest; and

3.     For such other and further relief as the Court deems just and proper.

DATED:  March 19, 2014                    MILLER BARONDESS, LLP


By:  _____
      DANIEL S. MILLER
      Attorneys for Plaintiff
      Tara McMahon

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

## <u>DEMAND FOR JURY TRIAL</u>

McMahon hereby demands a trial by jury.

DATED:  March 19, 2014                    MILLER BARONDESS, LLP


By:_____
        DANIEL S. MILLER
        Attorneys for Plaintiff
        Tara McMahon

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

176767.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge     Christina A. Snyder     and the assigned Magistrate Judge is     Alicia G. Rosenberg     .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-02085 CAS-AGRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

March 19, 2014
_____
Date

By   SBOURGEOIS
_____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| TARA MCMAHON, an individual | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| LUIS VALENZUELA, an individual; JAMES NICHOLS, an individual; THE CITY OF LOS ANGELES, a municipality | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

CV14-2085 CAS-AGR

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LUIS VALENZUELA, Los Angeles Police Department, Civil Investigations Section,
200 N. Main Street, 6th Floor, Los Angeles, CA 90012
JAMES NICHOLS, Los Angeles Police Department, Civil Investigations Section,
200 N. Main Street, 6th Floor, Los Angeles, CA 90012
THE CITY OF LOS ANGELES, 200 North Spring Street, Los Angeles, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Daniel S. Miller
Caleb E. Mason
MILLER BARONESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA  90067
Telephone: 310-552-4400

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  MAR  1 9 2014  _____

*Signature of Clerk or Deputy Clerk*

1184

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                         *Server's signature*

                                                             _____
                                                                         *Printed name and title*

                                                             _____
                                                                         *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

TARA MCMAHON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LUIS VALENZUELA, an individual, JAMES NICHOLS, an individual; THE CITY OF LOS ANGELES, a municipality

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Louis R. Miller, MILLER BARONDESS, LLP, 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067; Telephone: (310-552-4400)

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ excess of $1 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. section 1983 - Violation of civil rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☒ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV14-2085

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1.  Is either of the following true?  If so, check the one that applies: | C.2.  Is either of the following true?  If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right.  ➡ | ☐ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | *WESTERN* |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in **this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _(signature)_   DATE: March 19, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |