## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**        (IN CHAMBERS) - MOTIONS *IN LIMINE*

## I.    INTRODUCTION & BACKGROUND

This action arises from the alleged sexual assault in late 2009 of plaintiff Tara McMahon ("plaintiff" or "McMahon") by Los Angeles Police Department ("LAPD") Officer Luis Valenzuela, while Valenzuela was on duty with his partner, LAPD Officer James Nichols.  Prior to filing this action, plaintiff presented her administrative claim to the City of Los Angeles ("the City") on January 17, 2014, pursuant to California Government Code Section 910, et seq.  Compl. ¶ 43.  The City rejected plaintiff's administrative claim on February 24, 2014.  Id.

On March 19, 2014, plaintiff filed this action in federal court against Valenzuela, Nichols, and the City (collectively, "defendants").  The complaint asserts the following ten claims: (1) assault, (2) sexual battery, and (3) intentional infliction of emotional distress against Valenzuela and the City; (4) aiding and abetting assault, (5) aiding and abetting sexual battery, and (6) police negligence against Nichols and the City; (7) false imprisonment against all three defendants; and (8) violations of the Fourth Amendment under 42 U.S.C. § 1983, (9) the Eighth Amendment under 42 U.S.C. § 1983, and (10) civil rights under California Civil Code § 52.1 (the "Bane Act") against Valenzuela and Nichols.[1]  Id. ¶¶ 49-100.  In the complaint, plaintiff states that "the threats of Defendants Valenzuela and Nichols" and "the stonewalling, misrepresentations and directives of [the City]" dissuaded her from timely filing all of her claims.  Id. ¶ 44.  Plaintiff contends,

---

[1]  Plaintiff does not seek to allege a claim for violation of 42 U.S.C. § 1983, or any other federal claim, against the City.  Accordingly, plaintiff has not advanced a Monell claim against the City in the instant lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|--------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

therefore, that defendants are equitably estopped from asserting a statute of limitations defense as to both the filing of the section 910 claim and the instant lawsuit. Id. ¶¶ 44-48.

By order dated September 24, 2015, this Court denied defendants' motion for summary judgment as to whether plaintiff's ten claims were time barred. See Dkt. 84. Specifically, the Court held that there "remain many triable issues of fact regarding the alleged actions of [defendants] in the years following the sexual assault," and accordingly there is a "reasonable probability that a jury, having resolved these genuine disputes over material facts, could conclude that equitable estoppel or equitable tolling apply such that plaintiff's ten claims are not time barred." Id. at 33.

Trial in this matter is currently scheduled to commence on January 19, 2016. On October 5, 2015, plaintiff filed six motions in limine ("MIL"), dkts. 104-109, and on this same date, defendants filed twelve motions in limine as well as a motion to trifurcate the trial, dkts. 90-102. On October 13, 2015, defendants filed their oppositions to plaintiff's motions, dkts. 136-141, and on the following day, plaintiff filed her oppositions to defendants' motions, dkts.142-151. The Court held oral argument on November 2, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[2]

## II.    DISCUSSION

### A.    Defendants' Motion to Trifurcate the Trial

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). Pursuant to Rule 42, defendants first move the court for an order trifurcating the trial into three phases, such that (1) the first phase will involve trying whether plaintiff's state and federal claims are timely; (2) the second phase will involve trying liability on plaintiff's claims, as well as liability for punitive damages and general damages; and (3) the third phase will involve trying the amount of damages. Defendants contend that such trifurcation would be in the interests

---

[2] Portions of the briefing and record in this matter were filed under seal. This redacted version of the Court's order omits references to information included in a version produced under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|-------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

of judicial economy and efficiency, and would also prevent undue prejudice to defendants. More specifically, defendants argue that "[i]f plaintiff was allowed to introduce evidence regarding the details of the alleged acts in this lawsuit and her resulting injuries without trifurcation, there is substantial danger that defendants would be prejudiced on the timeliness issue based on their emotion from the evidence relating to the specific acts in question in this lawsuit." Motion at 3.

In opposition, plaintiff argues that although Rule 42 gives a court discretion to order a separate trial of an issue for convenience, to avoid prejudice, or to "expedite and economize" the case, defendants' proposal fails to do any of these things. Opp'n at 1 (citing Fed. R. Evid. 42). As plaintiff rightly notes, because the "facts that the jury must consider to decide the estoppel/tolling arguments [in this case] overlap significantly with the facts the jury would consider to decide liability/damages," separating the jury's consideration of these issues would significantly prolong the trial and require duplicative presentation of evidence. Id. For example, plaintiff argues that her hospitalizations "are relevant to her state of mind and reliance on the threats not to report the assault (equitable estoppel), whether the statute should be tolled during her hospital stays or longer (equitable tolling), and to her damages resulting from the assault." Opp'n at 1-2. Similarly, the anticipated testimony of plaintiff's expert, Dr. Roberta Falke, regarding her assessment of the psychological impact on plaintiff of the alleged assault and subsequent events, is relevant to both plaintiff's equitable estoppel/tolling arguments, as well as her damages. Opp'n at 6-7.

The Court finds that plaintiff may effectively be precluded from meeting her burden to prove the applicability of equitable estoppel or tolling without being able to present evidence of "the details of the alleged acts in this lawsuit and her resulting injuries"—precisely the evidence that defendants seek to exclude from their proposed first phase of the trial. See Motion at 3. Furthermore, trifurcation along the lines proposed by defendants would be inefficient and inappropriate, in light of the substantial overlap of issues relevant to plaintiff's arguments regarding tolling, estoppel, and damages. However, the Court agrees with defendants' assertion that the determination of the amount of punitive damages, if any, should be bifurcated from jury's consideration of liability and damages. See, e.g., Spears v. Adamson, No. 3:04CV-0087-LRH-RAM, 2009 WL 948544, at *1 (D. Nev. Apr. 6, 2009) (bifurcating the calculation of punitive damages from the remainder of the issues to be presented at trial).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

Accordingly, defendants' motion to trifurcate is **DENIED in part** and **GRANTED in part**. Specifically, the trial will be bifurcated into two phases, the first of which will cover the timeliness of plaintiff's claim, the applicability of equitable estoppel and tolling, liability, and damages, while the second phase, if necessary, will cover the amount of punitive damages to be awarded.

**B.     Plaintiff's Motions in Limine**

**1.     Plaintiff's MIL No. 1 to Admit Evidence and Testimony Regarding the Defendants' Other Alleged Sexual Assaults**

Pursuant to Federal Rule of Evidence ("FRE") 415, plaintiff seeks to admit evidence of other sexual assault complaints made against defendants Valenzuela and Nichols while they served as LAPD officers. Plaintiff does not specifically identify the evidence to be admitted, but states that it will consist of (1) testimony from three women (the "additional victim complainants") who have alleged that they were sexually assaulted by either Valenzuela or Nichols; (2) testimony from LAPD Sergeant Gregory Bruce and Detective Christina Frus, who collectively have investigated the allegations of plaintiff as well as those of the additional victim complainants; and (3) testimony from defendants Valenzuela and Nichols about the allegations of plaintiff and the additional victim complainants. P-MIL #1 at 1.

Rule 415 provides, in relevant part, that "[i]n a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an *offense of sexual assault* or child molestation, evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible. . . ." Fed. R. Evid. 415 (emphasis added). Rule 415, "together with its companions Fed. R. Evid. 413 (Evidence of Similar Crimes in Sexual Assault Cases) and Fed. R. Evid. 414 (Evidence of Similar Crimes in Child Molestation Cases), was passed to *make an exception* to Fed. R. Evid. 404(b), which imposed a blanket prohibition on propensity evidence." Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1267-68 (9th Cir. 2000) (citations omitted) (emphasis added). More precisely, Rules 413, 414, and 415 collectively "supersede [ ] Rule 404(b)'s restriction" on propensity evidence, United States v. Guardia, 135 F.3d 1326, 1329 (10th Cir.1998), "by establishing a presumption—but not 'a blank check'—favoring the admission of propensity evidence at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

both civil and criminal trials involving charges of sexual misconduct."  <u>United States v. Sioux</u>, 362 F.3d 1241, 1244 (9th Cir. 2004) (citation omitted).

While the statutory language of Rules 413-15 leaves "ambiguous" whether the past "offense of sexual assault" must be a conviction, "the legislative history of Rules 413-15 indicates that Congress intended to allow admission not only of prior convictions for sexual offenses, but also of *uncharged conduct*," which plaintiff seeks to introduce in this case.  <u>Johnson v. Elk Lake Sch. Dist.</u>, 283 F.3d 138, 151-52 (3d Cir. 2002) (citing 140 Cong. Rec. 23,603 (1994) (Statement of Rep. Molinari) ("The practical effect of the new rules is to put evidence of *uncharged offenses* in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule.") (emphasis added)); <u>see also</u> 2 Weinstein's Federal Evidence (Joseph M. McLaughlin ed., 2d ed. 2001), § 413.03[1], at 413–6–7.  Accordingly, the fact that plaintiff seeks to admit evidence of allegations (uncharged offenses) does not preclude the admission of such evidence under Rule 415.  <u>Johnson</u>, 283 F.3d at 151-52; <u>United States v. Meacham</u>, 115 F.3d 1488, 1492 (10th Cir. 1997); <u>see also</u> <u>Glanzer</u>, 232 F.3d at 1269 ("We find the reasoning adopted by the Tenth and Eighth Circuits regarding the subservience of Fed. R. Evid. 415 (and its companion rules) to Fed. R. Evid. 403 is persuasive and we adopt it as a rule of law for [the Ninth Circuit].")

In the Ninth Circuit, in order for Rule 415 to apply to evidence that a party is seeking to introduce at trial, (1) the defendant must be accused of an offense of sexual assault or child molestation; (2) the evidence being proffered must be related to the commission of another offense of sexual assault or child molestation; and (3) the evidence must be relevant.  <u>Glanzer</u>, 232 F.3d at 1268.  Here, the first of these two requirements is easily met.  With respect to the third, plaintiff argues that evidence regarding the additional victim complainants' allegations is relevant "[1] to show Defendants' propensity to sexually assault women on duty, [2] to buttress [plaintiff's] credibility (and impeach Defendants) and [3] to support [plaintiff's] arguments regarding the statute of limitations."  P-MIL #1 at 10.

Crucially, however, "the general standards of the rules of evidence . . . continue to apply [to Rule 415], including the restrictions on *hearsay* evidence," Kenneth W. Graham, Jr.23 Fed. Prac. & Proc. Evid. § 5416 (1st ed.) (emphasis added), as well as "the dictates of [Rule 403,] which provides that the district court may exclude evidence 'if its probative value is substantially outweighed by the danger of *unfair prejudice*' to the party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

against whom the evidence is offered," Glanzer, 232 F.3d at 1268 (citing Fed. R. Evid. 403) (emphasis added). Indeed, given "the inherent strength of the evidence that is covered by [Rule 415]," the Ninth Circuit has admonished courts to pay "careful attention to both the significant probative value and the strong prejudicial qualities" of that evidence. Glanzer, 232 F.3d at 1268 (citing Guardia, 135 F.3d at 1330). Specifically, in deciding whether to admit evidence under Rule 415 or to exclude it as unfairly prejudicial under Rule 403, courts should consider the following five factors, as described in Glanzer: "[1]the *similarity* of the prior acts to the acts charged, [2] the *closeness in time* of the prior acts to the acts charged, [3] the *frequency* of the prior acts, [4] the presence or lack of *intervening circumstances*, and [5] the *necessity of that evidence* beyond the testimonies already offered at trial." Id. (emphasis added).

Plaintiff argues that application of the five Glanzer factors to the allegations of the additional victim complainants establishes that under Rule 403, the probative value of such evidence substantially outweighs the risk of unfair prejudice or confusion, and thus bodes in favor of admitting the evidence. Plaintiff first cites to the deposition testimony of Sergeant Gregory Bruce, who had been investigating complainant **[*** REDACTED ***]**'s complaint independent of Detective Frus's investigation into the complaints of plaintiff Tara McMahon and another woman, **[*** REDACTED ***]**. Sergeant Bruce explained **[*** REDACTED ***]**. When asked about **[*** REDACTED ***]** Sergeant Bruce further explained as follows:

**[*** REDACTED ***]**

Id. (citation omitted). While investigating **[*** REDACTED ***]**'s complaint, Sergeant Bruce later learned of the allegations of **[*** REDACTED ***]**, and ultimately the complaints of **[*** REDACTED ***]**, **[*** REDACTED ***]**, **[*** REDACTED ***]**, and plaintiff Tara McMahon were consolidated into one Internal Affairs investigation. Id. at 7.

Having reviewed the allegations of the individual complainants—which are briefly summarized *infra* in the Court's discussion of plaintiff's motion in limine No. 6—the Court agrees that the "similarity of the prior [alleged] acts to the acts charged" in the instant action is sufficient under the standard outlined in Glanzer. For example, notwithstanding differences noted by defendants in opposition to the instant motion, see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

Opp'n at 4-6, plaintiff notes that **[*** REDACTED ***]**. P-MIL #1 at 11 (citing relevant portions of the testimony). In addition, **[*** REDACTED ***]**. <u>Id.</u> at 11-12.

    In opposition, defendants first argue that irrespective of any similarity between plaintiff's allegations and those of the additional victim complainants, the Court should exclude evidence of the other allegations because, defendants contend, "there is insufficient evidence for a jury to find by a preponderance of the evidence that the [other] alleged sexual assault[s] actually occurred." Opp'n at 4. Defendants argument rightly stems from the reality that "some limits, of course, need to be placed on [the admissibility of uncharged conduct under Rule 415] in order to ensure that the plaintiff may not 'parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.'" <u>Johnson</u>, 283 F.3d at 152 (quoting <u>Huddleston v. United States</u>, 485 U.S. 681, 689 (1988)). Here, the relevant preponderance standard does not require *the court* to "make a finding by a preponderance of the evidence; it simply requires the judge to ask whether 'a jury could reasonably' make such a finding. Presumably, this once-removed determination of the trial judge lowers the burden for the party seeking to introduce the prior act evidence, although exactly by how much is hard to say, as the standard appears designed to provide the trial court substantial discretion in admitting conditionally relevant information." <u>Id.</u> at 152-53 (emphasis added) (quoting <u>Huddleston</u>, 485 U.S. at 690).

    As defendants note, "[i]t is unclear what specific evidence plaintiff will be using to substantiate the other sexual assaults allegedly committed by Defendant Valenzuela or Defendant Nichols." Opp'n at 3. Regardless, "for reasons of judicial efficiency and economy, the district court cannot be expected to conduct a 'trial within a trial' to determine the veracity of the proffered evidence." <u>Johnson</u>, 283 F.3d at 152. As explained *infra* (<u>see</u> plaintiff's MIL No. 6), plaintiff will not be permitted to rely upon inadmissible hearsay statements in **[*** REDACTED ***]**. However, it appears that plaintiff plans to call all four of the complainants—that is, plaintiff McMahon, **[*** REDACTED ***]**, **[*** REDACTED ***]**, and **[*** REDACTED ***]**—as witnesses during the trial. Accordingly, defendants will have ample opportunity to cross-examine these witnesses, all of whom **[*** REDACTED ***]**.[1]

---

[1] In opposition to the instant motion, defendants also argue that any evidence to be presented by the testimony of **[*** REDACTED ***]**, **[*** REDACTED ***]**, and **[*** REDACTED ***]** should be excluded because plaintiff failed to disclose those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|-------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

Assuming that the additional victim complainants live testimony comports with that summarized in the IA Report, the Court concludes that a reasonable jury could find by a preponderance of the evidence that the subject incidents involving either one or both of the individual defendants did in fact occur. Of course, any such testimony will have to be examined at trial in its relevant context, and the parties will have an opportunity at trial to object to any evidence thought to be inadmissible.

Accordingly, pursuant to Federal Rule of Evidence 415, plaintiff's motion in limine No. 1 is **GRANTED**.

---

witnesses in initial and supplemental disclosures, as required by Federal Rule of Civil Procedure 26(a). See Fed. R. Civ. P. 26(a)(1)(B)(i)–(ii). Under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Here, defendants fail to present a persuasive reason to exclude the testimony of the additional victim witnesses. Defendants essentially argue that plaintiff's failure to disclose her intention to call the additional victim witnesses "is not harmless" because "if such evidence is permitted to be introduced, it may have a significant impact on the jury's decision." Opp'n at 2. But this speaks only to the persuasive weight of *the evidence* itself, and not to the prejudice caused by plaintiff's failure properly *to disclose* the evidence pursuant to Rule 26. Defendants have been aware of the nature of the additional victim witnesses' testimony throughout the course of this litigation, and plaintiff's intention to call these witnesses should come as little "surprise" to defendants. Lanard Toys Ltd., 375 F. App'x at 713. Accordingly, plaintiff's late disclosure pursuant to Rule 26 is not sufficient grounds for exclusion of the evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

2.      **Plaintiff's MIL No. 2 to Exclude Evidence of Plaintiff's Sexual History or Appearance**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 412, plaintiff seeks to exclude any evidence of plaintiff's sexual behavior or sexual predisposition, including references to plaintiff being a prostitute.  Rule 412 applies in proceedings involving alleged sexual misconduct and excludes "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412.  More specifically, the sexual predisposition evidence covered under Rule 412 "include[s] all sexual conduct other than the rape or assault that is in issue" and accordingly "embraces all sexual conduct of the victim." United States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991) (citation omitted).

Plaintiff argues that Rule 412 has "been interpreted to include all sexual conduct or behavior other than that alleged in the instant case and anything that may have a sexual connotation for the jury (such as a victim's dress, occupation, or use of language)." P-MIL #2 at 3.  Thus, plaintiff seeks to exclude evidence referencing "sexual activities between [plaintiff] and anybody besides Defendants; references to [plaintiff's] appearance/use of language; and other evidence or comments that have a sexual connotation about [plaintiff]." Id.  Plaintiff also seeks to exclude any references to her being a prostitute, noting that the "only evidence of that is a few statements that . . . appear in some medical and police records in this case." Id. at 4.

In opposition, defendants argue that plaintiff's motion is overbroad as written because it goes beyond seeking to exclude "evidence of her sexual behavior or predisposition, including references to [her] being a prostitute," and instead seeks to exclude, *inter alia*, "anything that may have a sexual connotation," as well as certain evidence related to the "victim's dress, occupation, or use of language." Opp'n at 2 (citing P-MIL #2 at 3).  Defendants also argue that plaintiff fails to identify any specific references to her sexual history or predisposition that she seeks to exclude.  Accordingly, defendants argue that granting plaintiff's motion at this stage is premature, especially because there are exceptions to the general rule of exclusion under Rule 412 that may become applicable at some point during the trial. See Fed. R. Evid. 412(b)(2) ("[T]he court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                   **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

victim and of unfair prejudice to any party.  The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.").

There is merit to defendants' contention that plaintiff's motion is imprecise and overbroad.  See In re Homestore.com, Inc., 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (denying motion to exclude wide category of evidence as "over-broad and vague, and therefore inappropriate for review at the motion *in limine* stage.").  Nevertheless, the Court agrees with plaintiff that evidence of plaintiff's sexual history and "predisposition" is irrelevant to the disputed issues underlying the instant case, and that to the extent any such evidence does have probative value, any such value is likely to be substantially outweighed by the risk of unfair prejudice to plaintiff.  Accordingly, such evidence should be excluded pursuant to FRE Rules 403 and 412.

While the Court is not inclined to admit evidence of plaintiff's sexual history, because plaintiff has not identified any specific evidence to be excluded, the Court will **RESERVE JUDGMENT** until defendants attempt to present evidence of sexual history or predisposition at trial.  The Court accordingly **DENIES** plaintiff's motion without prejudice to making specific objections to evidence offered by defendants at trial, and further orders the parties to meet and confer regarding what specific evidence of plaintiff's sexual history or predisposition defendants intend to offer at trial.

### 3.    Plaintiff's MIL No. 3 to Exclude Evidence of Unsubstantiated Derogatory Statements about Plaintiff

Pursuant to FRE 401 and 404, plaintiff seeks to exclude evidence of "derogatory statements" about her that "are unsupported by the evidence, including evidence or references that [plaintiff]: (1) sold drugs or was a 'drug dealer'; (2) was 'schizophrenic' or 'bipolar'; or (3) was homeless or a 'transient.'"  P-MIL 3 at 1.  Plaintiff argues that this evidence is irrelevant, highly prejudicial, and based upon inadmissible hearsay statements—many attributed to plaintiff herself—contained in medical and police records that plaintiff produced to defendants.  See generally id.  To the extent defendants seek to proffer such statements as statements of a party opponent (under FRE 801(d)(2)) or statements contained in business records (under FRE 803(6)), plaintiff argues that defendants "have not identified the individuals who recorded the statements, allegedly attributed to [plaintiff], in the medical/police records," and there is accordingly "no basis to find that those statements were made by someone 'with knowledge.'"  P-MIL #3 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL              'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

Plaintiff further argues that she was at the medical facility in question against her own will and was heavily medicated at the time, such that anything that she purportedly stated during her stay is inherently unreliable.  P-MIL #3 at 5.

Defendants contend that plaintiff's motion is overbroad and that many of the statements at issue are directly attributable to plaintiff herself and are admissible exceptions to the rule against hearsay as, *inter alia*, statements of a party opponent (FRE 801(d)(2)); present sense impressions (under FRE 803 (1)); statements of a then-existing mental, emotional, or physical condition (under FRE 803(3)); statements made for medical diagnosis or treatment (under FRE 803(4)); and recorded recollections (under FRE 803(5)).  See Dkt. 144.  Defendants argue that the relevant and sufficiently-authenticated medical records were produced by plaintiff herself in discovery, indicate that they were prepared by hospital personnel or physicians "at or near the time of the . . . event . . . in the ordinary course of hospital business," and attribute specific statements to plaintiff by placing them in quotation marks.  Opp'n at 5 (citing Phan Decl., Ex. M).  Ultimately, defendants argue that plaintiff's motion is not an attempt to exclude irrelevant and prejudicial derogatory statements about her, but rather a "backdoor method" of excluding a medical diagnosis of bipolar disorder, made to a degree of "medical certainty" by defendants' medical expert.  Opp'n at 9.

While the Court agrees with plaintiff that "derogatory statements" regarding her alleged drug dealing, homelessness, and medical condition are likely irrelevant to the instant case or unduly  prejudicial under FRE 403, defendants correctly note that plaintiff's motion is overly broad and vague.  See In re Homestore.com, Inc., 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (denying as "over-broad and vague, and therefore inappropriate for review at the motion *in limine* stage," motion to exclude wide category of evidence); Colton Crane Co. v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").

Accordingly, the Court **DENIES** plaintiff's motion without prejudice to making specific objections to evidence offered by defendants at trial, and further orders the parties to meet and confer regarding what specific evidence of plaintiff's medical records and the statements contained therein defendants intend to offer at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

**4.      Plaintiff's MIL No. 4 to Exclude Evidence of Drug or Alcohol Use Prior to the Sexual Assault**

Pursuant to FRE 401, 403, and 404, plaintiff seeks to exclude evidence of her drug and alcohol use that *preceded* the alleged assault on the grounds that such evidence is not relevant to any factual dispute, constitutes inadmissible character evidence, and would unfairly prejudice defendant.  However, plaintiff acknowledges that evidence of her drug and alcohol use that *post-dates* the alleged sexual assault should be admitted because such evidence "is relevant to her damages, including her emotional state after the sexual assault." P-MIL #4 at 2.  Defendants respond that plaintiff has "opened the door to the issue of her preexisting history and abuse of drugs and alcohol" by arguing that she has sustained severe emotional distress following the assault only began to use alcohol and drugs excessively after the alleged assault.  Opp'n at 3.  Specifically, defendants argue that if they can set forth evidence that plaintiff was "a habitual user of drug[s] and alcohol" before the alleged assault, then "the jury could find that her current complaints of damages were not due to the subject incident," but rather preexisting.

The Court agrees with defendants' contention that plaintiff has placed her drug and alcohol use in issue with respect to damages, and therefore mitigating evidence indicating that her drug and alcohol abuse preceded the alleged sexual assault is relevant on the issue of damages.  However, the Court is mindful of plaintiff's concern that evidence of plaintiff's prior drug and alcohol may be used to inappropriately attack her credibility or impugn her character.

Accordingly, the Court **DENIES** plaintiff's motion with respect to the question of damages, but otherwise **GRANTS** the motion.

**5.      Plaintiff's MIL No. 5 to Exclude Evidence of Arrests Other Than the Three Arrests Directly Relevant in this Case**

Pursuant to FRE 401 and 404, plaintiff seeks to exclude evidence of any arrests besides the following three arrests which, plaintiff argues, are directly relevant to this matter: (1) plaintiff's July 8, 2009 arrest (when plaintiff met defendants); plaintiff's 2010 arrest (when plaintiff saw defendant Valenzuela at the LAPD's Wilcox Station); and (3) plaintiff's January 20, 2011 arrest (when plaintiff reported the sexual assault to the LAPD).  P-MIL #5 Notice at 1.  Plaintiff seeks to exclude many of defendants' proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

trial exhibits including, *inter alia*, various arrest reports, narcotics arrestee examination forms, admonitions for urine tests, property reports, investigative actions/statement forms, probable cause declarations, City Attorney disclosure statements, and booking approval forms. Id. Plaintiff argues that she was never convicted or charged with any crimes during her time living in Los Angeles, and that defendants proposed evidence regarding her prior arrests is irrelevant and highly prejudicial. P-MIL #5 Notice at 1.

With respect to their relevance, plaintiff argues that (1) her first arrest, from July 8, 2009, during which plaintiff was transported by defendants Valenzuela and Nichols from Hollywood to Van Nuys, is relevant because "it explains how Tara met the officers"; (2) her second arrest from sometime in 2010, during which plaintiff was taken to the LAPD's Wilcox station and further alleges that she saw Valenzuela hold his hands up to his lips, "shows the threats Defendants made to keep [plaintiff] quiet and, thus, is relevant to deciding Defendants' statute of limitations defense"; and (3) her third arrest, from January 20, 2011, is relevant because "that is when Tara reported the sexual assault to the LAPD . . . [and] shows the circumstances under which [plaintiff] reported the assault . . . [and] helps explain her state of mind after she reported the assault, including her fears that Defendants would retaliate against her and that the LAPD told her not to hire a lawyer." P-MIL #5 at 2.

Defendants argue that evidence of plaintiff's other arrests which predate the alleged sexual assault—including arrests on August 8, 2009, September 11, 2009, and September 27, 2009 for drug or alcohol related offenses—are not going to be offered to attacks plaintiff's character, but are "are relevant because they are probative to refuting her claim of damages." Opp'n at 2. Specifically, defendants argue that (1) "plaintiff claims that as a result of the subject incident, she developed severe emotional distress, which causes her to consume alcohol and drugs excessively," and therefore (2) "the severity and extent of plaintiff's past alcohol and drug use is a disputed material issue that affects damages" and is relevant to damages. Id.

While the severity and extent of plaintiff's alcohol and drug use may be relevant to damages, as explained in the court's discussion of plaintiff's motion in limine No. 4, see *supra*, such relevance does not mean defendants can submit evidence of uncharged arrests surrounding the alleged use of drugs and alcohol in order to demonstrate the extent and severity of plaintiff's use of drugs and alcohol. Plainly, the Court disagrees with defendants' assertion that three arrests for drug and alcohol-related offenses from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

August and September 2009 "are highly relevant to establishing the extent and severity of [plaintiff's] preexisting drug and alcohol use and not substantially outweighed by any dangers of unfair prejudice."  Opp'n at 3.  Evidence of three isolated arrests over such a short span of time says very little about the extent or severity of plaintiff's use of alcohol and drugs before the subject incident, but carries significant risk of unfairly prejudicing plaintiff in the eyes of the jury.

In accordance with the foregoing, plaintiff's motion in limine No. 5 is **GRANTED**.  The parties will accordingly be permitted to present evidence that plaintiff was arrested on July 8-9, 2009, in 2010, and on January 20, 2011, but will not be permitted to solicit testimony or present evidence regarding the details of those arrests, such as drug tests, property reports, or arrest reports.

### 6.    Plaintiff's MIL No. 6 to Admit the LAPD's Internal Affairs Report

Pursuant to Federal Rules of Evidence 401, 403, and 415, plaintiff seeks to admit into evidence a copy of LAPD's Internal Affairs Investigative Report ("IA Report") executed by Sergeant Gregory Bruce on June 27, 2013.  The IA Report includes **[*** REDACTED ***]**.  Plaintiff states that the LAPD Internal Affairs division **[*** REDACTED ***]**.  The IA Report contains **[*** REDACTED ***]**.  The IA Report briefly **[*** REDACTED ***]**:

**[*** REDACTED ***]**

Declaration of Scott J. Street, Ex. 2, at 25-26 (IA Report).  For many of the same reasons advanced in support of plaintiff's motion in limine No. 1, plaintiff argues that the IA Report should be admitted into evidence pursuant to Federal Rules of Evidence 401, 403, and 415.  Specifically, plaintiff argues that the IA Report (1) demonstrates that **[*** REDACTED ***]**, (2) buttresses plaintiff's credibility, and (3) supports plaintiff's arguments regarding tolling of the statute of limitations and equitable estoppel of defendants' statute of limitations defense.  See P-MIL #6 at 1-2.

For reasons explained more fully in the Court's assessment of plaintiff's motion in limine No. 1, *see supra*, the Court finds plaintiff's arguments regarding the admissibility of the additional victim complainants' underlying allegations to be persuasive.  However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                '**O**'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

the admissibility of the report itself poses other evidentiary considerations, primarily related to hearsay, that are not addressed by Rule 415. As explained *supra*, Rule 415 does not permit the admission of evidence that would otherwise be excluded as inadmissible hearsay pursuant to FRE 801 and 802. See Glanzer, 232 F.3d at 1268.

Here, however, plaintiff argues that the IA Report is admissible pursuant to FRE 803(8) because it is a public record. FRE 803(8) provides a hearsay exception for a "record or statement of a public office" if it sets out "(i) the office's activities; (ii) a matter observed while under a legal duty to report . . . ; or (iii) in a civil case . . . factual findings from a legally authorized investigation," if "neither the source of information [n]or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(A)-(B). Accordingly, plaintiff cites to non-binding authority stating that that "internal police investigations—when they are relevant—are presumed admissible in a civil case as public record exceptions to the hearsay rule." Opp'n at 7 (quoting Murphy v. Metro. Transp. Auth., 548 F. Supp. 2d 29, 43 (S.D.N.Y. 2008)); see also Bridgeway Corp. v. Citibank, 201 F.3d 134, 143 (2d Cir. 2000) ("Rule 803(8) is based upon the assumption that public officers will perform their duties, that they lack motive to falsify, and that public inspection to which many such records are subject will disclose inaccuracies . . . The rule . . . renders presumptively admissible not merely . . . factual determinations in the narrow sense, but also . . . conclusions or opinions that are based upon a factual investigation." (internal quotation marks and citations omitted)).

Specifically, plaintiff argues that the IA Report satisfies Rule 803(8) because it "[*** **REDACTED** ***]" P-MIL #6 at 8. Citing to the Supreme Court's decision in Beech Aircraft Corp. v. Rainey, plaintiff then argues that the opinions and conclusions in the report, including the conclusions regarding [*** **REDACTED** ***], should accordingly be admitted into evidence. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170 (1988) ("[P]ortions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.")

With respect to Rule 803(8), defendants argue, *inter alia*, that the "opinions" and "conclusions" in the IA Report are not properly construed as "factual findings" stemming from a leally authorized investigation, as required by FRE 803(8), but rather as "[***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                                    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|-------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

**REDACTED ***]."** Opp'n at 12 (citing <u>Shehada v. Tavss</u>, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013) ("[W]hile 'factual findings' in internal affairs reports are generally admissible under an exception to the hearsay rule, summaries of interviews that are contained in those reports are [ ] double hearsay that cannot be admitted at trial or considered on summary judgment." (citations omitted)); and <u>United Technologies Corp. v. Mazer</u>, 556 F.3d 1260, 1278 (11th Cir. 2009) ("For the exceptions to apply, the report must contain 'factual findings' that are 'based upon the knowledge or observations of the preparer of the report,' as opposed to a mere collection of statements from a witness." (citation omitted))). Defendants further argue that any purported "findings" in the IA Report are preliminary in nature and therefore not subject to the exception to hearsay embodied by FRE 803(8). Opp'n at 13 (citing <u>Brown v. Sierra Nevada Mem'l Miners Hosp.</u>, 849 F.2d 1186, 1190 (9th Cir. 1988)).

The Court concludes that in light of the IA Report's tentative nature and its extensive summarization or recitation of various out-of-court statements **[*** REDACTED ***]**, it would be improper to admit the entirety of the report, as requested by plaintiff's motion in limine. With respect to the substance of the IA Report, plaintiff will have the opportunity to solicit much of the testimony summarized in the report during trial, which—unlike the wholesale inclusion of the IA Report itself—will provide defendants with ample opportunity to cross-examine the relevant witnesses.

In accordance with the foregoing, plaintiff's motion in limine No. 6 is **DENIED** without prejudice to renewing her objection at trial.

### C.    Defendants' Motions in Limine

### 1.    Defendants' MIL No. 1 to Preclude Commentary or Evidence that Individual Defendants are on Administrative Leave Pending a Board of Rights Hearing

Defendants seek to exclude evidence that defendants Nichols and Valenzuela are currently on administrative leave with defendant City of Los Angeles pending a Board of Rights of Hearing. Defendants argue that the individual defendants' administrative leave status constitutes an inadmissible subsequent remedial measure, and further is irrelevant and highly prejudicial. According to defendants, "the only purpose for which plaintiff would seek to introduce the evidence at issue is to imply to the jury that because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|-------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

defendants are on administrative leave, they must have done something wrong—i.e., the acts accused of in this lawsuit."  D-MIL #1 at 7.

Plaintiff argues that the instant case is essentially a "credibility contest between [plaintiff] and the officers," and that if "the jury does not hear that the LAPD fired Nichols and is trying to fire Valenzuela, the jury will assume that the LAPD did not believe [plaintiff]" in their investigation of her allegations.  Opp'n at 1-2.  Accordingly, plaintiff contends that the actions that LAPD took following their Internal Affairs investigation indicate that they "believe[] [plaintiff's] story" and thereby "buttress [plaintiff's] credibility – the key issue in this case."  More specifically, plaintiff argues that "the fact that LAPD was investigating the officers, and eventually fired/suspended them, is powerful evidence of the LAPD's state of mind and motive" to "keep [plaintiff] quiet"—that is, evidence that LAPD "believed [plaintiff] and did not want to get sued." Id. at 5-6.  Any such evidence of LAPD's motive is relevant, according to plaintiff, because it is probative of whether defendants did or did not discourage plaintiff to file suit and is thereby relevant to determining whether defendants are now estopped from asserting a statute of limitations defense.  Id. at 5.

Despite defendants' argument to the contrary, plaintiff contends that evidence of the administrative leave status is not an inadmissible subsequent remedial measure under FRE 407.  FRE 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent remedial measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."  Fed. R. Evid. 407.  As plaintiff notes, "the court may admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures."  Id. Plaintiff contends that Rule 407's bar on evidence of subsequent remedial measures is inapplicable to evidence of defendants' administrative leave status because plaintiff is not offering the evidence to show that LAPD was culpable, but is instead offering it for "impeachment" purposes—that is, to show that the officers are lying about the sexual assault.  Opp'n at 7.

While plaintiff's argument regarding the inapplicability of Rule 407 as applied to the *individual defendants* (as opposed to the City) has merit, it does not address the significant concerns posed by FRE 403.  Specifically, although evidence of the City's actions taken in response to their Internal Affairs investigation may be probative of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

City's motive, presenting this evidence also creates substantial risk that the jury will draw impermissible adverse inferences regarding the individual defendants' guilt or innocence from the fact that they are on administrative leave.  Furthermore, plaintiff overstates the significance of any such evidence.  Opp'n at 9 ("If evidence of the IA investigation is not admitted, and the jury does not hear that the LAPD fired Nichols and is trying to fire Valenzuela, the jury will assume that the LAPD did not believe [plaintiff].")  There are numerous alternative avenues by which plaintiff can both support the credibility of her account and impeach that of the officers without running afoul of FRE 403.

Accordingly, defendants' motion in limine no. 1 is **GRANTED**.

> **2.      Defendants' MIL No. 2 to Preclude Evidence of Media Coverage Regarding the Subject Incident or Similar Incidents involving Defendants**

Pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802, defendants seek to exclude evidence of any newspaper articles or televised news broadcasts related to the subject matter of this action or other alleged similar incidents involving defendants. Defendants argue that these third-party reports are not based on personal knowledge, are irrelevant, contain inadmissible hearsay, and are highly prejudicial to defendants, "as they contain unverified statements about the incident or other incidents that may mislead the jury as to what occurred during the incident" and may also lead the jury "to consider extraneous issues."  D-MIL #2 at 4.

In opposition, plaintiff's primary argument is that at least two *Los Angeles Times* articles covering the allegations against defendants are relevant to the issue of whether plaintiff's claims in the instant action are time barred.  The first *Los Angeles Times* article from January 2013— which "was the first publicity about the [alleged] Valenzuela/Nichols assaults"—reported that the LAPD had the officers under surveillance, had searched their homes, and "had to accelerate its investigation after Tammy K. filed her lawsuit."  Opp'n at 3.  Plaintiff states that reading this article "was the triggering event . . . that caused [her] to stop believing the LAPD, hire a lawyer, and file her case."  Id. at 3.  Accordingly, plaintiff argues that "[t]he jury cannot decide whether [plaintiff's delay in filing a lawsuit was] reasonable unless it considers the article and the effect it had on [her]."  Id.  According to plaintiff, the second *Los Angeles Times* article is also relevant because it "shows the LAPD's state of mind and motive, as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

LAPD publicly stated [in the article] that it believed [plaintiff] and the officers' other victims and was trying to fire them."  Id.

Generally, "newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted."  Green v. Baca, 226 F.R.D. 624, 637 (C.D. Cal. 2005).  Furthermore, "[e]ven when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem."  Id. (citing Larez v. Los Angeles, 946 F.2d 630, 642 (9th Cir.1991)).  Plaintiff argues that her use of the articles does not present a hearsay problem because she is not offering the articles for the truth of the matters asserted therein, but rather "to show the fact of publication – to show what was in the public domain – and to explain [plaintiff's] state of mind regarding the LAPD's statements."  Opp'n at 5 (citing Ciampi v. City of Palo Alto, 790 F. Supp. 2d 1077, 1091 (N.D. Cal. 2011)).

The Court concludes that plaintiff's presentation of the substance of the article would constitute introduction of inadmissible hearsay and would also unfairly prejudice defendants.  The articles are only relevant in the instant case because of their alleged effect on the plaintiff in prompting her to file the instant lawsuit at the time that she did. Even if plaintiff's presentation of such statements is not meant to establish the truth of the matters asserted therein, presentation of the article's content carries with it substantial risk of unfair prejudice to defendants.  Accordingly, plaintiff may present her own testimony indicating that she read something in the news that triggered her to file the instant lawsuit at the time that she did, without revealing the substantive content of the articles or any of the allegations or statements contained therein. Furthermore, though plaintiff argues otherwise, plaintiff appears inappropriately to offer the second article for the truth of the matters asserted therein—LAPD "publicly stated [in the article] that it believed [plaintiff] and the officers' other victims and was trying to fire them," and plaintiff effectively wishes to introduce the article as evidence that LAPD did in fact believe plaintiff and wish to fire the officers, as indicated in the article.

In accordance with the foregoing, defendants' motion in limine No. 2 is **GRANTED in part** and **DENIED in part**.  Specifically, plaintiff may present evidence regarding the publication of the two relevant *Los Angeles Times* articles, as well as testimony regarding their alleged effect on plaintiff, without revealing the substantive content of these articles.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

### 3.    Defendants' MIL No. 3 to Preclude Witness Testimony Regarding their Opinions on the Credibility of the Parties

Defendants seek to exclude testimony from witnesses, including Sergeant Gregory Bruce and Detective Christina Frus, regarding their assessment of the credibility of the parties in this lawsuit.  Defendants argue that opinions of these witnesses regarding the credibility of the parties is not within the proper scope of opinion testimony under the Federal Rules of Evidence and would "usurp the role of the jury as a factfinder and ultimate arbiter on the credibility of the parties."  D-MIL #3 at 4.  In opposition, plaintiff argues that Sergeant Bruce and Detective Frus "are not paid experts who are choosing sides," but rather are "two investigators, who spent years investigating Officers Valenzuela and Nichols and who believe the officers are dishonest and that their victims are credible."  Opp'n at 1.  Plaintiff asserts that because the witness's "opinions are based on knowledge they acquired, and observations they made, during the investigations," their testimony regarding credibility is admissible under FRE 608(a) and 701.

Under Rule 608, "[a] witness's credibility may be . . . supported by testimony about the witness's reputation for having a character for truthfulness . . . or by testimony in the form of an opinion about that character . . . [but] only after the witness's character for truthfulness has been attacked."  Fed. R. Evid. 608.  Plaintiff argues that her "credibility is under siege" because the individual defendants say she is "lying," and the defendants' expert "claims she is bipolar and will suggest that she made this incident up."  Opp'n at 1.  Thus, Detective Frus's "opinion about [plaintiff's] truthfulness . . . is needed to combat those attacks," and both Frus's and Sergeant Bruce's testimony about the credibility of the officers' other alleged victims further buttresses plaintiff's credibility. Id. at 1-2.

The Court finds defendants' arguments to be unpersuasive.  The Court "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts."  Long v. Johnson, 736 F.3d 891, 896 (9th Cir.2013) (internal quotation marks and brackets omitted).  Accordingly, plaintiff's witnesses may not testify as to their opinions regarding the credibility of either the parties in the instant lawsuit or other witnesses who may testify, including the additional victim complainants.  Defendants' motion in limine No. 3 is accordingly **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

    **4.**     **Defendants' MIL No. 4 to Preclude Evidence of Other Similar Complaints of Alleged Sexual Assault or other Lawsuits Against Defendants**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), defendants seek to preclude plaintiff from introducing any evidence of other lawsuits or complaints of sexual assault against defendants.  The evidence at issue was briefed more fully by both parties with respect to plaintiff's motions in limine Nos. 1 and 6.  Consistent with the Court's analysis regarding those motions, the Court **DENIES** without prejudice defendants' motion in limine No. 4.

    **5.**     **Defendants' MIL No. 5 to Preclude Evidence that the Subject Incident Was Referred to the District Attorney's Office for Consideration for Prosecution**

Pursuant to FRE 401 and 403, defendants seek to exclude evidence that this matter was referred to the Los Angeles County District Attorney's Office for consideration of prosecution.  Defendants argue that the referral to the District Attorney's office is irrelevant and, in any event, unfairly prejudicial under Rule 403, as any such evidence would likely lead the jury to make impermissible inferences about the individual defendants' culpability.

For reasons stated in the Court's discussion regarding defendants' motion in limine No.1 (seeking exclusion of the individual defendants' administrative leave status), the Court agrees with defendants' assertions and accordingly **GRANTS** defendant's motion in limine No. 5.

    **6.**     **Defendants' MIL No. 6 to Preclude Evidence of Defendants' Other "Bad" Acts That Predate the Alleged Incident**

Defendants seek to exclude evidence indicating that in the time before the alleged sexual assault, defendant Valenzuela allegedly purchased alcohol for plaintiff while she was still under the legal age and also offered to get a hotel room so that he could watch plaintiff smoke methamphetamine.  D-MIL #6 at 4.  Defendants argue that this evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL               'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

is irrelevant under FRE 401 and 402, inadmissible character evidence under FRE 404(b), and unfairly prejudicial under FRE 403.

In response, plaintiff first argues that the evidence is relevant to her equitable tolling and estoppel arguments because it helps "show how the officers lured [her] into trusting them – and then abused that trust by detaining and sexually assaulting her." Opp'n at 1. Plaintiff further argues that the evidence of her pre-assault interaction with Valenzuela also "corroborate[s] [her] story that the officers were recruiting her to be a confidential informant," and helps "contradict the officers' story that they did not know [plaintiff]," which is a "major point of contention and one which is critical to assessing the parties' credibility" in this action. Id.

The Court concludes that evidence of the specific prior "bad" acts at issue in the instant motion is probative of issues underlying plaintiff's equitable tolling and estoppel arguments, as it speaks to the nature of her alleged relationship with the officers and the reasonableness of her delay in filing the instant suit. While there is, of course, a danger of unfair prejudice to defendants in permitting evidence of prior "bad" acts to be presented to the jury, the Court finds that the probative value of the evidence is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Accordingly, defendants' motion in limine No. 6 is **DENIED** without prejudice.

**7.      Defendants' MIL No. 7 to Preclude Testimony or Evidence Regarding Defendant Valenzuela's Alleged Offer to Get Plaintiff a Marijuana Card**

Defendants seek to exclude evidence that defendant Valenzuela offered to get a marijuana card for plaintiff after the alleged sexual assault. As with the evidence of other "bad" acts discussed by the Court with respect to defendants' motion in limine No. 6, defendants argue that evidence regarding the marijuana card is irrelevant under FRE 401 and 402, inadmissible character evidence under FRE 404(b), and unfairly prejudicial under FRE 403.

In opposition, plaintiff argues that Valenzuela's offer to purchase plaintiff a marijuana card "was something Valenzuela said to dissuade [plaintiff] from reporting the assault and [plaintiff accordingly] relied on it by staying silent." Opp'n at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

Accordingly, plaintiff argues that the statement is relevant to her equitable estoppel/statute of limitations analysis, in that it helps explain why plaintiff failed timely to file her claim against the officers and the City.

For reasons outlined by the Court in its decision on defendant's motion in limine no. 6 regarding evidence of Valenzuela's alleged pre-assault "bad" acts, the Court finds that the probative value of evidence regarding Valenzuela's offer to purchase a marijuana card is not substantially outweighed by the risk of unfair prejudice to defendants. Accordingly, defendants' motion in limine No. 7 is **DENIED** without prejudice.

### 8. Defendants' MIL No. 8 to Preclude Evidence that Defendant's Individual Homes Were Searched by LAPD

Pursuant to FRE 401 and 403, defendants seek to exclude evidence that in the course of LAPD's investigation into the allegations against the individual defendants, LAPD obtained and executed a search warrant to search the homes of defendants Valenzuela and Nichols.  Defendants argue that evidence of the searches is irrelevant and, in any event, any relevance is substantially outweighed by the danger of unfair prejudice. D-MIL #8 at 6 (citing Fed. R. Evid. 403).  Specifically, defendants contend that "if the jury were to hear that the homes of the defendants were searched, they would be led to believe that the LAPD must have formed the belief that the defendants engaged in the conduct at issue, and thus, the jury too should come to the conclusion that the defendants did what is alleged here."  Id.  In response, plaintiff contends that the evidence bolsters the credibility of her account of the alleged sexual assault, is relevant to her argument that defendants are estopped from asserting their statute of limitations defense, and is not unfairly prejudicial.  See generally Opp'n.

For reasons outlined by the Court in its decision on defendant's motion in limine no. 1 (seeking exclusion of the individual defendants' administrative leave status), the Court concludes that permitting evidence of LAPD's search of the individual defendants' homes is only minimally probative of any disputed facts but carries with it substantial risk for unfairly prejudicing defendants.

Accordingly, the Court **GRANTS** defendants' motion in limine no. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|-------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

9.     **Defendant's MIL No. 9 to Preclude Commentary or Evidence Regarding Officer Valenzuela's Transfer out of the Hollywood Narcotics Division**

Defendants seek to exclude evidence and testimony that defendant Valenzuela was transferred out of the Hollywood narcotics division pending an investigation into sexual assault allegations against defendant Nichols by another complainant.  Defendants argue that Officer Valenzuela's transfer, like his administrative leave status, discussed *supra* (see D-MIL #1), constitutes an inadmissible subsequent remedial measure, and further constitutes irrelevant and highly prejudicial evidence.

For the reasons stated in the Court's discussion regarding defendants' motion in limine No.1 (seeking exclusion of the individual defendants' administrative leave status), the Court agrees with defendants' assertions regarding the minimal probative value and substantial likelihood of unfair prejudice posed by evidence of defendant Valenzuela's transfer out of the Hollywood narcotics division.

Accordingly, the Court **GRANTS** defendant's motion in limine No. 9.

10.     **Defendant's MIL No. 10 to Preclude Evidence that Individual Defendants May Have Been the Subject of Other Internal Affairs Investigations in the Past**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), defendants seek to exclude the internal affairs investigative file regarding the subject incident.  The evidence at issue is reviewed and considered in the Court's discussion of plaintiff's motions in limine Nos. 1 and 6.  Consistent with that analysis, the Court **DENIES** without prejudice defendants' motion in limine No. 10.

11.     **Defendant's MIL No. 11 to Preclude Evidence of Plaintiff's Special Damages**

Defendants argue that plaintiff has failed to provide defendants with specific information regarding her special damages, as required by Federal Rule of Civil Procedure 26, which requires disclosure of "a computation of each category of damages claims by the disclosing party."  Fed. R. Evid. 26(a)(1)(A)(iii).  Federal Rule of Evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|--------------------------|------|--------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

37 "gives teeth to [the] requirements [of Rule 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  Therefore, because defendants aver that evidence pertaining to plaintiff's special damages was not properly computed and disclosed during pretrial discovery, plaintiff should be precluded from offering any evidence pertaining to her "special damages" at trial.  See D-MIL #11 at 4 (citing Fed. R. Evid. 37).

As the Supreme Court recently explained,

> "Special damages" are limited to actual pecuniary loss, which must be specially pleaded and proved.  "General damages," on the other hand, cover "loss of reputation, shame, mortification, injury to the feelings and the like and need not be alleged in detail and require no proof."

F.A.A. v. Cooper, 132 S. Ct. 1441 (2012) (citations omitted).  In its "limited opposition," plaintiff states that "[f]or the most part, [she] does not oppose the Motion" because she is seeking only general damages "for emotional distress, pain and suffering, physical harm, reputational harm and future medical expenses," for which plaintiff argues she has "provided sufficient evidence to prove [] at trial."  Opp'n at 1.  Thus, plaintiff "does not oppose the Motion to the extent it relates to *past* medical expenses, lost wages or other out-of-pocket expenses."  Id. at (emphasis added).

Accordingly, defendants' motion in limine No. 11 to preclude plaintiff from presenting evidence of "special damages" is **GRANTED**.

### 12.  Defendant's MIL No. 12 to Preclude Testimony or Evidence Regarding Defendants' Familial/Marital or Bankruptcy Status

Pursuant to Federal Rules of Evidence 401, 402, and 403, defendants seek to exclude evidence of the individual defendants' current or past familial or marital status, as well as evidence regarding whether or not they have ever filed for bankruptcy.  Plaintiff states that she does not intend to ask the officers about their "current marital or financial status," and therefore does not oppose the motion with respect to such information.  See Opp'n.  However, plaintiff argues that after the alleged sexual assault,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                  **'O'**

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|----------|------------------------|------|-------------------|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

she exchanged text messages and phone calls with Valenzuela during which he told her not to tell anybody about the assault both because he had a family and because she would be in danger if she did so.  Opp'n at 1.  Accordingly, plaintiff argues that Valenzuela's statement about having a family is relevant to her arguments regarding equitable tolling and estoppel, as such statements help explain why she avoided filing her lawsuit in a timely manner.  Id.

The Court concludes that Valenzuela's alleged statement regarding his family is relevant to the disputed issues of tolling and equitable estoppel, and further is not unfairly prejudicial to defendants under FRE 403.  Accordingly, defendants' motion in limine no. 12 is **GRANTED** in part and **DENIED** in part.  Specifically, plaintiff is permitted to ask Valenzuela limited questions about his family to corroborate her testimony regarding his alleged post-assault statements.

## III.  CONCLUSION

In accordance with the foregoing,

Defendants' motion to trifurcate is **GRANTED** in part and **DENIED** in part.  Specifically, the trial will be bifurcated into two phases, the first of which will cover the timeliness of plaintiff's claim, the applicability of equitable estoppel and tolling, liability, and damages, while the second phase, if necessary, will cover the amount of punitive damages to be awarded.

Plaintiff's motion in limine No. 1 is **GRANTED**.

Plaintiff's motion in limine No. 2 is **DENIED** without prejudice, and the parties are ordered to meet and confer regarding what specific evidence of plaintiff's sexual history or predisposition defendants intend to offer at trial.

Plaintiff's motion in limine No. 3 is **DENIED** without prejudice, and the parties are ordered to meet and confer regarding what specific evidence of plaintiff's medical records and the statements contained therein defendants intend to offer at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:14-cv-02085-CAS(AGRx) | Date | November 25, 2015 |
|---|---|---|---|
| Title | TARA MCMAHON V. LUIS VALENZUELA, ET AL. | | |

Plaintiff's motion in limine No. 4 is **DENIED** with respect to the question of damages, but is otherwise **GRANTED**.

Plaintiff's motion in limine No. 5 is **GRANTED**.

Plaintiff's motion in limine No. 6 is **DENIED** without prejudice.

Defendants' motion in limine No. 1 is **GRANTED**.

Defendants' motion in limine No. 2 is **GRANTED** in part and **DENIED** in part.

Defendants' motion in limine No. 3 is **GRANTED**.

Defendants' motion in limine No. 4 is **DENIED** without prejudice.

Defendants' motion in limine No. 5 is **GRANTED**.

Defendants' motion in limine No. 6 is **DENIED** without prejudice.

Defendants' motion in limine No. 7 is **DENIED** without prejudice.

Defendants' motion in limine No. 8 is **GRANTED**.

Defendants' motion in limine No. 9 is **GRANTED**.

Defendants' motion in limine No. 10 is **DENIED** without prejudice.

Defendants' motion in limine No. 11 is **GRANTED**.

Defendants' motion in limine No. 12 is **GRANTED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |